Helen P. Gonsky v. Commissioner.
Gonsky v. Commissioner
Docket Nos. 11608-77, 2963-78, 10975-78.[1]
United States Tax Court
T.C. Memo 1981-76; 1981 Tax Ct. Memo LEXIS 672; 41 T.C.M. (CCH) 940; T.C.M. (RIA) 81076; February 23, 1981. Joseph Weigel, 622 N. Water St., Milwaukee, Wis., for the petitioner. Wayne B. Henry, for the respondent. DAWSON
Memorandum Findings of Fact and Opinion DAWSON, Judge: These cases were assigned to and heard by Special Trial Judge Marvin F. Peterson, pursuant to the provisions of Rule 180, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. Opinion of the Special Trial Judge PETERSON, Special Trial Judge: Respondent determined deficiences in and an addition to petitioner's Federal income tax as follows: Addition to Tax
Taxable
Section 6653(a)
Year
Deficiency
I.R.C. 1954 [3]
1973
$ 1,976.11
1974
2,004.84
1975
2,759.85
$ 137.99
1976
114.46
*674 In his answer, respondent further increased compensation received from Lutheran Social petitioner's gross income by including compensation received from Lutheran Social Services during the year 1976 in the amount of $ 621.60, and disallowed an adjustment to income claimed in the amount of $ 15,300 and increased the asserted deficiency to a total of $ 4,118.39. After concessions, the issues for decision are (1) whether certain compensation earned by petitioner during each of the years which were assigned to a family trust are taxable to petitioner; and (2) whether petitioner is liable for an addition to tax for negligence under section 6653(a). Findings of Fact Some of the facts have been stipulated by the parties and are found accordingly. Petitioner resided in the State of Wisconsin when she filed her petitions herein. Petitioner filed a timely joint income tax return with her husband, Ralph W. Gousky, for each of the years 1973 through 1975, and filed a separate income tax return for the year 1976, with the Internal Revenue Service Center, Kansas City, Missouri. *675 During each of the years involved, petitioner was employed by Lutheran Social Services of Wisconsin and Upper Michigan in Racine, Wisconsin. Petitioner performed her duties as a social worker. Petitioner's employment was directly under the supervision and control of Lutheran Social Services. On December 2, 1972, petitioner executed a document entitled "Declaration of Trust of This Constitutional Trust." The document was executed by petitioner for the purpose of creating a trust known as the Helen P. Gonsky Family Estate (A Trust) (hereinafter Trust). The declared purpose of the Trust was: * * * to accept rights, title and interest in real and personal properties conveyed by THE GRANTOR CREATOR HEREOF. Included therein is the exclusive use of his or her lifetime services and ALL OF his or her EARNED REMUNERATION ACCURING THEREFROM, from any current source whatsoever, * * *. The Trust document was signed by Ralph W. Gonsky and Beth E. Roscizewski, petitioner's daughter, as the Trustees. The Trust was to continue for a period of 25 years unless the trustees unanimously determined to terminate the Trust at an earlier date at which time the assets of the Trust would be distributed *676 to the beneficiaries. Shortly after the creation of the Trust, petitioner was appointed a trustee. On December 6, 1972, petitioner was appointed the Executive Manager of the Trust and her husband was appointed Executive Secretary of the Trust for the life of the Trust. The Trust's Manager, Secretary and all other officers were to be paid as independent consultants and in such amount as determined by the majority of the trustees. On December 6, 1972, petitioner executed certain documents which conveyed certain real property, and personal property, and life insurance policies to the Trust. Also, on December 6, 1972, petitioner signed a document which conveyed to the Trust "* * * exclusive use of my lifetime services and all of the currently earned remuneration accruing therefrom." On December 4, 1972, petitioner and her husband signed a document purporting to be an employment agreement between themselves and the Trust in which the Trust retained their services as the executive manager and executive secretary, respectively. Article III of the Agreement, provides "the managers shall be entitled to remuneration for their services and shall from time to time submit statements for *677 their consultant fees for an amount mutually agreed upon between the managers and the trustees, substantiated by the minutes of the Trust." Documents entitled "Units of Beneficial Interest" were issued. These documents provided, in part, that each certificate of benefical interest "conveys no interest of any kind in the Trust assets, management or control thereof." On December 2, 1972, the Trust initially issued 100 units to petitioner. On this same date, petitioner made various transfers which resulted in the following persons holding the beneficial units in the Trust: Helen P. Gonsky
15
Beth Roscizewski
35
Karen Franklin
35
Furid for Community
Service to Christ
15
During the years at issue, the Trust did not have an employment contract with Lutheran Social Services. However, Lutheran Social Services made payment to the Trust for the services performed by petitioner for a period of time pursuant to petitioner's request. Although Lutheran Social Services made payment directly to the Trust pursuant to petitioner's request, Lutheran Social Services refused petitioner's request to pay the gross salary without reduction for withholding or other employee *678 taxes. Petitioner claimed the withholding tax as a credit on her income tax returns. During each of the years involved petitioner earned compensation for services performed for Lutheran Social Services as follows: Year
Amount
1973
$ 12,629.58
1974
12,674.08
1975
14,108.89
1976
15,921.60
Petitioner did not report her compensation in 1973 and 1974 and claimed an off-setting deduction in 1975 and 1976, to reflect the assignment of income to the Trust. In addition, petitioner reported consulting fees from the Trust. Petitioner made all of the decisions concerning the Trust including the amount of the consulting fees. Further, she caused the Trust to pay many of her personal expenses during each of the years involved. The Trust filed Fiduciary Income Tax Returns (Form 1041) for the years 1973 through 1976 with the Internal Revenue Service Center at Kansas City, Missouri. In his notice of deficiency to petitioner respondent determined that all of the compensation received by the Trust from Lutheran Social Services during each of the years was earned by and taxable to petitioner. Also, for the year 1975, respondent asserted the addition to tax for negligence. *679 Opinion The basic issue in this case is whether the purported conveyance by petitioner of her property and lifetime services to the Trust was effective to shift the incidence of taxation on the compensation received each year from petitioner to the Trust. Petitioner contends that a valid trust was created and the assignment of her lifetime services and all the income accruing therefrom was sufficient to shift the incidence of taxation from herself to the Trust. Petitioner argues that the question involved herein is the right to contract under the United States Constitution and not whether there was as assignment of income from petitioner to the Trust. As a result of the assignment, petitioner argues that she performed service as an agent for the Trust in that her services were subcontracted to her employer. Petitioner argues the assignment was complete as evidenced by the fact that Lutheran Social Services made payment directly to the Trust for the services rendered. Respondent disagrees with petitioner's position and maintains that the Trust lacks economic reality, that the compensation received by the Trust was an anticipatory assignment of income ineffective to treat the *680 compensation as that of the Trust, and that any income earned by the Trust is taxable to petitioner under the grantor trust provisions set forth in sections 671 through 677. We agree with respondent that the compensation received from Lutheran Social Services is taxable to petitioner. It is true that petitioner has a constitutional right to enter into contractual arrangements. But it is also true that a taxpayer may not enter into such arrangements that are designed simply to alter the Federal income tax consequences of income between various entities without regard to the true earner of such income. Lucas v. Earl , 281 U.S. 111 (1930). As stated by the Supreme Court the "first principle of income taxation" is that income must be taxed to the one who earns it. Commissioner v. Culberison , 337 U.S. 733, 739-740 (1949). Further, it is the person or entity that controls the earning of the income, and not the one who ultimately receives it, that must pay the income tax thereon. American Savings Bank v. Commissioner , 56 T.C. 828, 838-839 (1971); Wesenberg v. Commissioner , 69 T.C. 1005 (1978). As we said in American Savings Bank v. Commissioner, supra at 839, *681 the factual background must be carefully scrutinized to determine the person that earns the income. In the instant case petitioner executed documents which assigned her services to the Trust and all of her earned income. However, the record is clear that petitioner in her individual capacity continued her employment relationship with her employer. The Trust had no contract with the employer to perform services and, therefore, had no control over the income earned. Petitioner had complete control of her employment contract and the earning of her income. Petitioner's employment relationship with her employer was not affected in any way by the formation of the Trust. We recognize that Lutheran Social Services made payment for the services rendered directly to the Trust, but we also recognize that such payments were made solely on the basis of petitioner's request, and not on the basis of any contractual arrangement between the Trust and Lutheran Social Services. From the facts in this case it is evident that petitioner's conveyance to the Trust is a classic case of a taxpayer attempting to shift the incidence of taxation on her earned income to another entity. In applying the *682 Supreme Court's rule that income is taxed to the one who earns it, the crucial point to consider is not the timing of the assignment, but the earning of the income. Therefore, the fact that the assignment predates the earning of the income is of no help to petitioner's cause in this case since petitioner continued to earn the income. Accordingly, we hold that all amounts of income reported by the Trust during the year from Lutheran Social Services were earned by the petitioner. The Trust involved herein is no more effective to shift the incidence of tax from petitioner to the Trust than a number of other factually similar cases where we also held such arrangements were not effective to shift the incidence of taxation from the taxpayer to the trust. See Vercio v. Commissioner , 73 T.C. 1246, 1254 (1980); Markosian v. Commissioner , 73 T.C. 1235 (1980); Wesenberg v. Commissioner , 69 T.C. 1005, 1011 (1978); Vnuk v. Commissioner , 621 F. 2d 1318 (8th Cir. 1980), affg. T.C. Memo. 1979-164; Horvat v. Commissioner , T.C. Memo. 1977-104, affd. by unpublished order (7th Cir. June 7, 1978), cert. denied 440 U.S. 959 (1979); *683 Taylor v. Commissioner , T.C. Memo. 1980-313; and Gran v. Commissioner , T.C. Memo. 1980-558. Further, petitioner's argument that the income is not taxable to her since she was acting as an agent or subcontractor of the Trust while performing services is without merit. In Vnuk v. Commissioner, supra at 1320, the Court of Appeals said: On appeal petitioners first argue that the Tax Court erred in concluding that the conveyance of life-time services to the Trust was ineffective to shift the incidence of taxation. Petitioners contend that where, as here, an individual performs services as an agent or "leased employee" of a trust, it is the trust, rather than the individual, that is taxed on the income accruing from the services. Cf. Rubin v. Commissioner , 429 F. 2d 650 (2d Cir. 1970); Fox v. Commissioner , 37 B.T.A. 271 (1938); Laughton v. Commissioner , 40 B.T.A. 101 (1938), rev'd on other grounds, 113 F. 2d 103 (9th Cir. 1940). This argument has no merit. And in footnote 5, page 1321, of the Vnuk opinion, the Eighth Circuit commented: Because of these factors, the present case is *684 readily distinguishable from the so-called "employee lend-out" cases where the courts have held a corporation rather than the employee is taxable. In those cases the employee was legally obligated to provide services to the corporation and the corporation had the right to direct the employee's activities and to control the amount of income the employee received for those activities. See, e.g., Rubin v. Commissioner, supra; Fox v. Commissioner, supra; Laughton v. Commissioner, supra . In addition petitioner unconditionally assigned her services and income to the Trust under an arrangement which allowed the majority of the trustees to determine the amount of the consulting fee to be received from the Trust. Not only is such an indefinite and loose agreement unenforceable, but it is unrealistic and without economic substance to conclude that a taxpayer would agree to turn over all of his earned income for an unspecified payment under such circumstances unless he was in control of the trust or other entity. Where a trust has no valid purpose other than tax avoidance it loses its economic reality, which, in turn, mandates that we disregard any *685 attempt to shift income to a mere paper entity. See Markosian v. Commissioner, supra at 1245. Respondent asserted the addition to tax under section 6653(a) for the year 1975 on the ground that petitioner was negligent or intentionally disregarded the income tax rules and regulations in preparing her returns. Although petitioner failed to address this issue in her brief and failed to submit evidence at the trial of this case, we shall still consider the issue. Petitioner has the burden to overcome the presumption of correctness of respondent's determination. Welch v. Helvering , 290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. A review of the record as a whole makes it clear that petitioner entered into the trust scheme solely for the purpose of tax avoidance and did not make reasonable inquiry as to the income tax validity of such action. Accordingly, the addition to tax under section 6653(a) was properly asserted for the year 1975. To reflect the conclusions reached herein. Decisions will be entered under Rule 155 . Footnotes
1. These cases were consolidated for the purposes of trial, briefing and opinion.↩
2. The Court granted a joint motion filed by the parties to waive the post-trial procedures set forth in Rule 182.↩
3. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩